**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TAMISHA HODGE**                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 1:19-CV-8-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Tamisha Hodge filed suit under 42 U.S.C. § 1383(c) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 14. The Court, having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

The Commissioner's decision is not supported by substantial evidence because the ALJ failed – either when evaluating the severity of Plaintiff's diabetes or when assigning an RFC – to address examining physician Dr. Bullwinkle's opinion that Plaintiff is limited to occasional handling, fingering, and feeling with both hands due to her diabetic peripheral neuropathy. Under Social Security Rulings 83-14 and 85-15, bilateral manual dexterity, specifically fingering, is required for the bulk of unskilled sedentary jobs. Without mentioning Dr. Bullwinkle's subject opinion, the ALJ in this case assigned a sedentary RFC and concluded Plaintiff could frequently handle and finger.  Either the ALJ did not consider the subject opinion or he considered but rejected it without explanation, in either of which case remand is appropriate pursuant to *Kneeland v. Berryhill,* 830 F.3d 749, 761 (5th Cir. 2017).  An ALJ's failure to address an

examining physician's medical opinion is not harmless where, as here, the RFC and therefore the number of jobs available at step five likely would have been different if the opinion had been given weight. *Kneeland,* 830 F.3d at 761.

The Commissioner's decision is reversed and remanded for a reevaluation of Plaintiff's application, and if the decision is to deny benefits, the ALJ must address and explain the reasons for rejecting any medical opinion of a treating or examining physician that, if given weight, would affect the RFC.

**SO ORDERED**, this the 25th day of September, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE